# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANYA ALLEGRA MILLS<br>23 Springhill Drive<br>Princeton Junction, NJ 08550<br><br>    *Plaintiff,*<br><br>    v.<br><br>ANADOLU AGENCY NA, INC.<br>1819 L Street, N.W., Suite<br>Washington D.C. 20006<br><br>Serve: Levent Gocer<br>       National Press Building<br>       529 14th Street, N.W.<br>       Suite 1131<br>       Washington, D.C. 20045,<br><br>    *Defendant*. | Civil Action No.: 19-3061 |

## COMPLAINT

Plaintiff, Tanya Allegra Mills, hereby brings suit against her former employer, ANADOLU AGENCY NA, INC. d/b/a TRT WORLD (hereinafter "ANADOLU") for violations of the District of Columbia Payment and Collection of Wages Law, DC Code §§ 32-1301 *et. seq.* ("DCPCWL"). Plaintiff alleges as follows:

## PARTIES

1. ANADOLU is a broadcasting company that operates an international English-language news channel. It has offices in the District of Columbia, is incorporated under the laws of the State of New York and is licensed to do business in the District of Columbia as a foreign corporation. Since at least early March, 2019 until July 31, 2019, ANADOLU was an "employer" of the Plaintiff within the meaning of the DCPCWL (D.C. Code § 32-1301 (1B))

because, ANADOLU "suffered or permitted [Plaintiff] to work", *id*., it supervised Plaintiff in her work and directed her work, it paid her salary and administered her employment benefits, it provided Plaintiff's working space, it had the power to hire and fire Plaintiff and did in fact terminate her employment by failing to renew her employment contract.

2. Plaintiff is an adult resident of the State of New Jersey. ANADOLU employed the Plaintiff in Istanbul Turkey from May, 2018 until the end of February 2019. It employed the Plaintiff in Washington D.C. (at its Washington, D.C. Bureau) from early March 2019 to July 31, 2019, when ANADOLU ended Plaintiff's employment. During the Plaintiff's employment with ANADOLU, she held the position of Executive Producer (News Department). From at least early March, 2019 until her termination, Plaintiff was an employee of ANADOLU within the meaning of D.C. Code § 32-1301 (1B), for the following reasons: ANADOLU had control over the work Plaintiff performed; it had control over her hours of work and made the Plaintiff's work schedule; it made the work rules that Plaintiff was obligated to follow; Plaintiff had no opportunity for profit or loss, as she had no ownership interest in ANADOLU and received no part of ANADOLU's revenue or profits; the working relationship lasted over a year and during that time, Plaintiff did not perform work for any other person or entity; and the broadcasting work Plaintiff performed was an integral part of ANADOLU's business, as it was primarily a news broadcasting company.

**JURISDICTION**

3. Plaintiff is asserting causes of action under the DCPCWL.

4. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, as ANADOLU is a citizen of New York and/or the District of Columbia. Plaintiff is a citizen of the State of New Jersey. The amount in controversy, inclusive of the attorney's fees is in excess of $75,000.00.

5. This Court has *in personam* jurisdiction over ANADOLU because it has offices in the District of Columbia, it employed Plaintiff in the District of Columbia and it does business in the District of Columbia.

### STATEMENT OF FACTS

6. On January 31, 2019, Plaintiff returned to the United States for personal reasons and in early March, 2019, she began working in ANADOLU's Washington D.C. bureau. During the time she was employed in the ANADOLU's Washington D.C. bureau, her job title remained the same. At all times during her employment with ANADOLU in Washington, D.C., Plaintiff was paid a salary and received benefits. One of the benefits was paid vacation or annual leave of 20 days per year plus an award of additional compensatory leave whenever she worked on a Turkish national and public holiday. From early March 2019 until the end of her employment with ANADOLU on July 31, 2019, Plaintiff physically worked in the District of Columbia and performed all or nearly all her duties there.

7. While working in the District of Columbia, Plaintiff was an employee of ANADOLU within the meaning of the DCPCWL, D.C. Code § 32-1301 (1B) & (2). Plaintiff was also employed in the District of Columbia within the meaning of D.C. Code § 32-1003 (b), because from early March 2019 to July 31, 2019, she spent nearly all of her working time in the District of Columbia.

8. Under the terms of the Plaintiff's employment contract with ANADOLU, Plaintiff was paid an annual salary of $131,000.00, which was paid on a monthly basis (a gross payment of $10,916.67 per month). In addition to the salary, ANADOLU also provided Plaintiff with added leave benefits – 20 days per year of annual or vacation leave beginning on or about her work anniversary date and additional compensatory time leave when she worked on any Turkish

national and public holiday. Plaintiff received 20 days of paid-leave on her anniversary date (approximately May 15, 2019). As of July 31, 2019, Plaintiff had accrued but unused annual leave of 20 hours. Between March, 2019 and the end of her employment, Plaintiff worked during several Turkish holidays and she earned several compensatory days of leave. And, at the time her employment ended, Plaintiff had at total of 4 compensatory days of leave remaining. This brought her leave total (at the time of termination) to 24 days.

9. Since the Plaintiff was required to work 18 days per month and received a monthly salary of $10,916.67, each day of leave had a value of $606.48. The total value of her accrued but unused leave at the time her employment ended is $14,555.52.

10. Because accrued leave was a term of Plaintiff's oral or written agreement with ANADOLU, Plaintiff is contractually entitled to a pay out of accrued but unused compensatory and annual leave. *National Rifle Association v. Ailes*, 428 A.2d 816, 820 (D.C. 1981); *Jones v. District Parking Management Co.*, 268 A.2d 860, 861-62 (D.C. 1970). And, the accrued but unused annual and compensatory leave were also "wages" within the meaning of D.C. Code § 32-1301 (3).

11. Because ANADOLU discharged Plaintiff on July 31, 2019, under D.C. Code §32-1303, it was obligated to pay Plaintiff all of her unpaid wages (salary plus accrued but unused leave) no later than the working day following her July 31, 2019 discharge, which was August 1, 2019. This meant that by August 1, 2019, ANADOLU was obligated to have paid the Plaintiff for all of her accrued but unused annual leave and compensatory time along with her salary for the month of July, 2019.

12. ANADOLU never paid the Plaintiff for any of her accrued but unused compensatory or annual leave and more than 30 working days have passed since Defendant was

required to have made the payment. Thus, ANADOLU owes the Plaintiff the full value of the accrued but unused leave ($14,555.52) plus an amount equal to three times the value of the unpaid leave as liquidated damages ($43,666.56), a total of $58,222.08. *See* D.C. Code §§ 32-1303 (4); 32-1308 (a)(1)(A).

13. In addition, Plaintiff did not receive payment of her wages for the month of July, 2019 (the gross amount of $10,916.67) until August 24, 2019, which was 17 working days after the August 1, 2019 due date. This means that ANADOLU must pay liquidated damages in the amount of 1.7 times the amount of the wages, which is $18,558.34.

## COUNT I
### (FAILING TO TIMELY PAY WAGES OWED PURSUANT TO THE DCPCWL, D.C. CODE § 32-1303)

14. Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

15. From early March 2019 to July 31, 2019, Plaintiff was employed in the District of Columbia within the meaning of D.C. Code § 32-1003 (b), because during that time-frame, she regularly spent more than 50% of her working time in the District of Columbia. In fact, during this time frame, Plaintiff spent nearly all of her working time in the District of Columbia.

16. At all relevant times, ANADOLU was an "employer" of Plaintiff within the meaning of the DCPCWL and Plaintiff was an "employee" of ANADOLU within the meaning of the DCPCWL. And to the extent that the Consultancy Agreement which Plaintiff signed provided that Plaintiff was not an employee of ANADOLU, then it is void under D.C. Code § 32-1305 (a), because it unlawfully denies Plaintiff the protections of the DCPCWL.

17. At all relevant times, Plaintiff's salary and leave benefits, including the right to be paid for accrued but unused compensatory or annual leave at the termination of Plaintiff's

employment, along with her salary, were wages within the meaning of D.C. Code § 32-1301 (3), because they were: (1) "monetary compensation . . . owed by [her] . . . employer"; and/or because they amounted to (2) "[o]ther remuneration promised or owed . . : (a) [p]ursuant to a contract for employment, whether written or oral" and/or (b) [p]ursuant to District or federal law." *Id*.

18. As a result of ANADOLU's violations of the DCPCWL, it is liable for the following:

   a. The value of Plaintiff's accrued but unused annual and compensatory leave in the amount of ($14,555.52) plus an amount equal to three times the value of the unpaid leave as liquidated damages (and additional $43,666.56), a total of $58,222.08.

   b. Liquidated damages in the amount of 1.7 times the amount of Plaintiff's salary for the month of July, 2019 -- $18,558.34.

19. In addition, as a result of ANADOLU's violations of the DCPCWL, it is liable for reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Legal Services Index Rate ("LSI") and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and *D.L v. District of Columbia*, 924 F.3d 585, 593-95 (D.C. Cir. 2019), as required by D.C. Code § 32-1308 (b)(1).

**RELIEF REQUESTED**

This Court should enter judgment for Plaintiff and against Defendant in the amounts specified below, which are in excess of $75,000.00:

a. The value of Plaintiff's accrued but unused annual and compensatory leave in the amount of ($14,555.52) plus an amount equal to three times the value of the unpaid leave as liquidated damages ($43,666.56), a total of $58,222.08;

b. Liquidated damages in the amount of 1.7 times the amount of Plaintiff's wages for the month of July, 2019 -- $18,558.34; and

c. reasonable attorneys' fees and costs incurred in this action, including fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015).

    Respectfully submitted,

    /s/Omar Vincent Melehy
    Omar Vincent Melehy
    DC Bar No.: 415849
    MELEHY & ASSOCIATES LLC
    8403 Colesville Road Suite 610
    Silver Spring, Maryland 20910
    ovmelehy@melehylaw.com
    Phone: (301) 587-6364
    Fax:   (301) 587-6308
    *Attorneys for Plaintiff*